1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6   KENNETH ALAN SIERRA,

7          Plaintiff,                         CV F 07 0149 LJO WMW PC

8          vs.                                ORDER DISMISSING
                                              COMPLAINT
9                                             WITH LEAVE TO AMEND

10

11  J. WOODFORD,, et al.,

           Defendants.
12

13

14

           Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.
15
    § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.
16
    § 636(b)(1).
17
           This action proceeds on the February 21, 2008, first amended complaint.  Plaintiff, an
18
    inmate in the custody of the California Department of Corrections and Rehabilitation at CSP
19
    Corcoran, brings this civil rights action against defendant correctional officials employed by the
20
    CDCR at CSP Corcoran.
21
           Plaintiff's complaint consists of a narrative grievance regarding his medical care.
22
    Plaintiff provides his medical history in detail, but fails to identify any individual defendants or
23
    charge any individuals with specific conduct.
24
           The statute under which this action proceeds plainly requires that there be an actual
25
    connection or link between the actions of the defendants and the deprivation alleged to have been
26
                                              1

1    suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo

2    v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to

3    the deprivation of a constitutional right, within the meaning of section 1983, if he does an

4    affirmative act, participates in another's affirmative acts or omits to perform an act which he is

5    legally required to do that causes the deprivation of which the complaint is made." Johnson v.

6    Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7          The court finds the allegations in plaintiff's complaint vague and conclusory.   The court

8    has determined that the complaint does not contain a short and plain statement as required by

9    Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

10   must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.

11   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

12   least some degree of particularity overt acts which defendants engaged in that support plaintiff's

13   claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

14   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

15   amended complaint.

16         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

17   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

18   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

19   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

20   there is some affirmative link or connection between a defendant's actions and the claimed

21   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

22   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

24   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

25   complaint be complete in itself without reference to any prior pleading.  This is because, as a

26

1  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

2  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

3  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

4  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5              In accordance with the above, IT IS HEREBY ORDERED that:

6              1.  Plaintiff's first amended complaint is dismissed; and

7              2.  Plaintiff is granted thirty days from the date of service of this order to file a

8  second amended complaint that complies with the requirements of the Civil Rights Act, the

9  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

10 bear the docket number assigned this case and must be labeled "Second Amended Complaint."

11 Failure to file an amended complaint in accordance with this order will result in a

12 recommendation that this action be dismissed.

13

14

15 IT IS SO ORDERED.

16 **Dated:     March 11, 2008**                          /s/  **William M. Wunderlich**
                                                   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

3