# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA, | CASE NO. CV F 07-0149 LJO WMW PC |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION TO RECONSIDER MOTION TO DENY APPOINTMENT OF COUNSEL** |
| vs. | (Doc. 28.) |
| WOODFORD, et. al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

In this inmate civil rights action, pro se plaintiff Kenneth Alan Sierra ("plaintiff") belatedly seeks what this Court construes as reconsideration of the magistrate judge's order to deny plaintiff appointment of counsel. For the reasons discussed below, this Court DENIES plaintiff reconsideration of the order to deny appointment of counsel and other related relief.[1]

## BACKGROUND

United States Magistrate Judge William M. Wunderlich issued his March 4, 2008 order to deny plaintiff appointment of counsel ("March 4 order").  On March 24, 2008, plaintiff filed papers which this Court construes as a motion to reconsider the March 4 order.

---

[1] This Court's Local Rule 72-303 addresses reconsideration of magistrate judge rulings, and its subsection (e) provides that Local Rule 78-230's notice and briefing schedules have "no application to requests for reconsideration." Subsection (e) further provides: "No oral argument shall be allowed in the usual civil action."

1

## DISCUSSION

### Untimely Reconsideration Attempt

This Court's Local Rule 72-303(b) addresses timing to seek reconsideration:

> Rulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within ten (10) court days calculated from the date of service of the ruling on the parties . . ."

The March 4 order was served on plaintiff on March 4, 2008. Plaintiff delayed to file his reconsideration papers until March 24, 2008, after the 10-day limit. As such, his reconsideration request is time barred. Nonetheless, this Court will turn to the merits of reconsideration of the March 4 order.

### Merits

Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). This Court's Local Rule 78-230(k) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)). "Under this standard of review, a magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. A district court is able to overturn a magistrate judge's ruling

1    "'only if the district court is left with the definite and firm conviction that a mistake has been made.'"

2    *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting

3    *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

4    The March 4 order correctly notes that this Court lacks authority to require counsel to represent

5    indigent prisoners in civil rights actions.  As such, this Court is powerless to appoint counsel for

6    plaintiff.  The March 4 order correctly notes the absence of exceptional circumstances to request

7    voluntary assistance of counsel.  The March 4 order is neither clearly erroneous nor contrary to law.

8                                           **CONCLUSION AND ORDER**

9    For the reasons discussed above, plaintiff fails to substantiate his burden for reconsideration of

10   the March 4 order, and this Court DENIES plaintiff's belated request for reconsideration.

11   IT IS SO ORDERED.

12   **Dated:   March 26, 2008**                        /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28