IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALAN SIERRA,

    Plaintiff,                      1:07 cv 00149 LJO  YNP GSA (PC)

  vs.                                ORDER TO SHOW CAUSE

J. WOODFORD, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

        Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at CSP Corcoran.

        The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

1    This plaintiff has, on 3 prior occasions, brought civil actions challenging the
2 conditions of his confinement. In an order entered in the U.S. District Court for the Northern
3 District of California on January 13, 2000, the court found that in the three years prior, Plaintiff
4 has "filed at least eight pro se prisoner actions dismissed by this court on the ground that they are
5 frivolous, malicious, or fail to state a claim upon which relief may be granted." See, e.g. Sierra v.
6 Terhune, slip op. no. C 98-089 MHP (N.D. Cal. July 28, 1998 (Order of Dismissal); Sierra v.
7 Gomez, slip. op. no. C 97-3336 MHP (N.D. Cal. Dec. 23, 1997)(same); Sierra v. Gomez, slip.
8 op. no. C-97 0939 MHP (N.D. Cal. June 2, 1997)(same).
9    This action proceeds on the May 19, 2009, second amended complaint.  Plaintiff names
10 101 individual defendants in a 213 page amended complaint.  Plaintiff details the history of his
11 treatment at the hands of correctional officials at various prisons over the years, but fails to allege
12 any facts indicating that any named defendant engaged in conduct that satisfies the standard set
13 forth in 28 U.S.C. § 1915(g).
14     Accordingly, IT IS ORDERED that Plaintiff show cause, within thirty days, why
15 his in forma pauperis status should not be revoked, and Plaintiff be directed to pay the filing fee
16 in full.   Plaintiff's failure to do so will result in a recommendation that he be denied leave to
17 proceed in forma pauperis.

20    IT IS SO ORDERED.
21    Dated:   **September 23, 2009**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

2