IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALAN SIERRA,

       Plaintiff,                   1:07 cv 00149 LJO GSA (PC)

    vs.                             FINDINGS AND RECOMMENDATION

J. WOODFORD, et al.,

       Defendants.

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

       Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at CSP Corcoran.

       The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement. In an order entered in the U.S. District Court for the Northern District of California on January 13, 2000, the court found that in the three years prior, Plaintiff has "filed at least eight pro se prisoner actions dismissed by this court on the ground that they are frivolous, malicious, or fail to state a claim upon which relief may be granted." See, e.g. Sierra v. Terhune, slip op. no. C 98-089 MHP (N.D. Cal. July 28, 1998 (Order of Dismissal); Sierra v. Gomez, slip. op. no. C 97-3336 MHP (N.D. Cal. Dec. 23, 1997)(same); Sierra v. Gomez, slip. op. no. C-97 0939 MHP (N.D. Cal. June 2, 1997)(same).

The Court noted that in the most recent pleading in this case, Plaintiff failed to allege facts that satisfied the requirements of 28 U.S.C. § 1915(g). Plaintiff detailed the history of his medical care at various prisons over the years, but failed to specifically list individual defendants or charge any specific individual defendant with conduct. Plaintiff was advised that he is not entitled to proceed in forma pauperis.

According, on September 24, 2009, Plaintiff was ordered to show cause why he should not be denied leave to proceed in forma pauperis. On November 9, 2009, Plaintiff filed a response to the order to show cause. In his response, Plaintiff sets forth rambling arguments as to why his application to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g). Plaintiff refers to "several subject suspects escapees" that are threatening him. Plaintiff refers to an escape in Texas in 1963. Plaintiff refers generally to the threatened removal of needed medical appliances.[1] Plaintiff alleges that he participated in "the arrest, incarceration, or numerous of the identified employees within the Department of Corrections" in 1963 and 1968. Plaintiff alleges that he was part of a federal investigative team.

---

[1] In the order to show cause, the court noted that the second amended complaint, on which this action proceeds, consists of 213 pages, naming 101 individual defendants. The court noted that Plaintiff detailed the history of his medical treatment over the years, but failed to allege any facts indicating that any of the named defendants engage in conduct that satisfied the standard set forth in 28 U.S.C. § 1915(g).

2

1    Plaintiff also details his alleged business dealings with an outside business, and makes
2 confusing allegations regarding a company president's refusal to terminate employees of the
3 California Department of Corrections and Rehabilitation.  Plaintiff references the removal of the
4 directors, and allegations that his account has been infiltrated.
5    Plaintiff also refers to his medical condition.  Plaintiff specifically refers to a "lower back
6 disability" as well as exhaustion and overwork.  Plaintiff seeks to have a "mechanical bed"
7 placed in his cell, as it would make it easier for his condition.  Plaintiff does not allege any
8 specific facts, or charge any named defendant with any conduct indicating that they knew of and
9 disregarded a serious medical condition of Plaintiff's, resulting in injury to Plaintiff.
10   Plaintiff levels vague allegations that since his return to SHU housing, he has been
11 subjected to threats and harassment.  Plaintiff refers to a cycle of violence at CSP Corcoran.
12 Plaintiff alleges that he is being attacked by subject-suspects, including Officer Steubner.
13 Plaintiff was last attacked on 2008 by Officer Steubner, "who alleges his is a monitor using (FBI)
14 voyage instrument of surveillance, Omni-Tec surveillance in usage under his directive supervised
15 by (Ex-FBI) Johnson (Ex-FBI) Anderson, (Omni-Tec being an instrument utilized in the training
16 of U.S. Marines," (Resp. To Order To Show Cause, 9:9-13.)
17   Plaintiff refers to the "abnormally under the circumstances brought in the complaint" as a
18 motive to "knowing assignment of subject suspects to supervisory positions, surveillance
19 positions, to enable the continuance of harassment (targeting) up to possible murder of this
20 Plaintiff using incarceration matrix and disguise motive." Id. at 9:17.  Plaintiff contends that the
21 court must initiate inquiry "not of the Department of Corrections but of Federal investigators."
22 Id. at 23.
23   Plaintiff essentially argues that the imminent danger standard in 28 U.S.C. § 1915(g) is
24 met in this case because Plaintiff has, in his words, " provided information to the courts that there
25 is record available and that under the circumstances of evidence of said record in history, a
26

1  motive is established that this Plaintiff is under an immediate threat of harm, death, by subject,
2  suspects, escapees." It appears that Plaintiff argues that he can satisfy the imminent danger
3  standard by alleging conditions that indicate an environment that Plaintiff perceives creates a risk
4  to him. Specifically, Plaintiff contends that he is "under an immediate threat of harm, death, by
5  subject, suspect, escapees." Id. 10:6. Plaintiff also contends that "this Plaintiff has been targeted
6  by 'group' subject, suspects to the extent illegal minimizing of medical treatment in to which to
7  cause, create, reversible damage to lower back, crippling this Plaintiff for life." Id, 10:6-10.

In Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007), the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger' - the standard adopted by the Eighth Circuit - is the most sensible way to interpret the imminency requirement." Id. at 1056, citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 2003). Andrews held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is on-going. Plaintiff therefore correctly argues that he can satisfy the imminent danger exception by alleging an on-going threat.

Where Plaintiff fails, however, is that he fails to allege facts indicating that he is under danger of a specific threat. The plaintiff in Andrews alleged facts indicating a particular threat. In that case, the plaintiff alleged that the threat he faced from contagious diseases violated the Eighth Amendment prohibition against cruel and unusual punishment. The plaintiff in Andrews recounted

> that during his time at Solano he had been 'placed in close proximity with inmates the institution knew or should have know would or could infect me with the disease.' Andrews detailed that during the previous six months, he had been housed with five inmates with contagious disease - two infected with HIV/AIDS, two infected with Hepatitis C, and one infected with Heliobacter pylori. He noted that "[c]urrently, there is an epidemic of Hepatitis C at Solano yet there are no steps taken to prevent further spread of the disease. And he alleged that prison officials failed to act after he raised these health concerns.
>
> The complaint recounted in detail the reason why these contagious

> inmates posed a danger: The very close quarters in prison cells, the communal toilets, and the fact that inmates, even without permission, use their cellmates' personal hygiene items, including toothbrushes and razors, mean that 'it is quite possible,' according to Andrews, that communicable diseases can be transferred to non-infected inmates if inmates with communicable diseases are not segregated.

Andrews went on to allege that he had contracted tuberculosis while in another California prison in 1987 and likely had contracted some disease while in Solano that caused painful lumps to develop on his thighs. Andrews, 493 F.3d at 1050.

    Here, Plaintiff fails to allege facts indicating that a specific defendant knew of harm to Plaintiff, and disregarded it, causing some injury to Plaintiff. Plaintiff alleges no facts indicating that any of the 101 defendants are subjecting him to imminent injury. Plaintiff's fear of being murdered is based upon "subject suspect escapees" from a Texas prison in 1963. As for his medical care, Plaintiff has filed numerous lawsuits regarding his medical care over the years. As noted above, Plaintiff suffered his three "strikes" within the meaning of 28 U.S.C. § 1915(g) in 1997 and 1998.

    The court finds this case to be distinguishable from Andrews. In that case, the plaintiff alleged facts indicating that he suffered a particular injury, that defendants knew of a particular harm to plaintiff, and failed to act to address the harm. There were facts alleged that put the named defendants on notice of the harm. The court finds the allegations in this case to be vague. The second amended complaint on which this action proceeds, as well as the response to the order to show cause, is taken up with long, narrative, rambling statments regarding a cycle of violence, and vague references to motives to harm Plaintiff. Plaintiff does not, however, articulate specific facts indicating that any of the named defendants are subjecting Plaintiff to imminent danger from a particular harm.

    Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff be denied leave to proceed in forma pauperis pursuant to 28 U.S.C. §

1915(g).

    2. Plaintiff be directed to submit the filing fee, in full, within thirty days. Failure to do so would result in dismissal pursuant to Local Rule 11-110 for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    **Dated:**   **April 23, 2010**            /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE